.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON SHUMPERT,<br><br>               Plaintiff,<br><br>     v.<br><br>HEALTHPOINT CENTERS, OF KING COUNTY, a Washington nonprofit corporation,<br><br>               Defendant. | No.<br><br>PLAINTIFF'S COMPLAINT<br><br>(JURY TRIAL DEMANDED) |

## **COMPLAINT**

1.    Plaintiff, ***Sharon Shumpert,*** brings these causes of action against Defendant, **Healthpoint Centers of King County*, hereinafter "Healthpoint",*** under 31U.S.C. 3729, et seq., the False Claims Act, for unlawfully and intentionally retaliating against ***Shumpert,*** in violation of the anti-retaliation provisions, of the False Claims Act, 31 U.S.C. 3730(h).

PLAINTIFF'S COMPLAINT- 1                                        The Law Office of Oscar E. Desper, II
                                                                                         1421 Fifth Avenue, Suite 2200
                                                                                               Seattle, WA 98101
                                                                                  Telephone: 206.521.5977

*Shumpert* engaged in investigation and information gathering, about possible **Health Resources Services Administration**, "**Health Related Grants**", hereinafter, "**HRG's**", issued by the United States Health & Human Services Administration, hereinafter **"HHSA"**, (a protected activity under the FCA), and the Defendant, with knowledge of such conduct, retaliated, by wrongfully terminating *Shumpert's'* employment, because she engaged in such activity.

## INTRODUCTION

2. This is a civil action to recover damages, in excess of **$75,000,** plus all applicable civil penalties and other relief from Defendant, for unlawfully and intentionally retaliating against **Shumpert,** in violation of the anti-retaliation provisions of the False Claims Act, 31U.S.C.3730(h).

**JURIDSICTION AND VENUE**

3. This Court has jurisdiction, under the Federal False Claims Act, 31U.S.C. 3732.

4. The claims in the proposed action arise from the Defendant's participation in the HHSA grant programs, in **Renton**, Washington, and therefore under the applicable statues and court rules; venue is proper in the Western District of Washington, at **Seattle.**

**PARTIES**

5. *Sharon Shumpert* is a Plaintiff, under 31U.S.C. 3730(b)(1).

6. Defendant, **Healthpoint Centers of King County ("Healthpoint")** is a Washington nonprofit corporation, with its principal offices located in **Renton**, Washington.

7. Whenever reference is made, in this Complaint, to any representation, act, or

transaction of the Defendant herein, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, or representatives, while actively engaged in the course and scope of their employment, did authorize such acts or transactions on behalf of the Defendant.  The Defendant is referred to hereinafter as "**Healthpoint.**"

## FACTS

8.      **Sharon Shumpert,** worked for one year and six months at Healthpoint Centers of King County, as a Resource Development Manager/ Grant Writer.  On June 6, 2016, Healthpoint asked her to leave her job in San Antonio Texas and move across the country, to Renton Washington.

9.      After Shumpert's first three (3) months of employment, she received a satisfactory performance evaluation. During her employment with Healthpoint, Shumpert wrote $125 million dollars' worth of grants.

10.     In September of 2016, issues arose on the job. Healthpoint's management began to ask her to alter financial reports and too fraudulently receive additional grant monies from the United States Government. In addition, other staff members refused to provide Shumpert with information needed to write grants.

11.     Specifically, her immediate Supervisor, Lisa Yohalem, Chief of Planning/Development Officer, asked Shumpert to alter the **Uniform Data Set Reports**, hereinafter "UDS" reports, which are submitted to the United States Government. Yohalem asked Shumpert to alter and to increase the number of patients, in Healthpoint's grant request, because the more patients you have, the more money the **"Grantee", Healthpoint,**

will receive.

12.     Yohalem wanted Shumpert to increase the current patients and alter the projected patients numbers in the grant request -  so that Healthpoint would receive millions of dollars more, than they were contractually entitled to receive.

13.     In September of 2017, Shumpert refused to alter the grant documents and she informed Thomas Trompeter that Lisa Yoholem made this illegal request.  Lisa Yohalem reported directly to Thomas Trompeter, the CEO.

14.     Shumpert made Thomas Trompeter aware that she was asked to change the "UDS" reports, so that Healthpoint would receive more monies from the United States Government, illegally.

15.     In October of 2016, Sharon Shumpert was informed by Nichole Anderson, Billing Specialist, that Healthpoint had a secret bank account.

16.     In February of 2017, Shumpert raised the issue of the secret bank account with Lisa Yohalem, Healthpoint's Chief of Planning/Development Officer.

17.     In March and April of 2017, Shumpert was called into a meeting with CEO Thomas Trompeter. In those meetings, she told Trompeter about the request Yohalem made, to alter the "UDS, reports.  Specifically, she told him that the number of patients, in Healthpoint's grant request were being falsely inflated, "increased", so that Healthpoint could fraudulently receive more monies, from the United States Government.

18.     Trompeter told her that if she did not like it, she could go and find another job.

19.     Shumpert met with the Human Resources Director, Moselle Hiriuchi and CEO

Trompeter, separately.  With both people, she again, raised the issue of the fraudulent "UDS" reports that she was asked to alter. Again, she refused to do so.

 Also, in that meeting, she told them that she would not resign.  Again, she raised the issue of the fraudulent "UDS" reports, that she was asked to alter. She informed them that she would not alter any documents, period!

20. During this same period, Debbie Wilkerson, the Chief Operations Officer, was fired, after working for Healthpoint for 17 years. Wilkerson stated in her application for unemployment compensation, that she was terminated because she refused to participate in Healthpoint's alteration of documents, to receive more money from the government and to defraud the United States Government.

21. The retaliation against Shumpert, for complaining about the fraudulent document request and about Healthpoint stealing money from the government, was swift.

She was removed from her office, to essentially a storage closet, and her hours were downgraded.

22. During this same time, Shumpert discovered that her department brought in more money than any other department, at Healthpoint, and that she was being paid less that her co-workers.

23. She was told by Yohalem, that her position was not as important as she thought.

24. She was told by Yohalem that unless she became silent, Healthpoint would not allocate any more resources for. In other words, she would be terminated.

25. Shumpert discussed Healthpoint stealing money from the government with Terry

PLAINTIFF'S COMPLAINT- 5      The Law Office of Oscar E. Desper, II
                              1421 Fifth Avenue, Suite 2200
                              Seattle, WA 98101
                              Telephone: 206.521.5977

Williams, the IT Assistant Director, and with Becky Glaze, the Quality Improvement Manager. Both people acknowledge that they were aware of Healthpoint's fraudulent money scheme to steal money from the government.

26. As a result of Shumpert's complaint and her refusal to alter Healthpoint's documents, in January of 2017, she was given a unfavorable evaluation, by Yohalem. This was even though the evaluation stated that she met every expectation, except for one. She was put on a performance improvement plan.

27. Shortly before Shumpert's evaluation, Nicole Anderson, Billing Specialist, told Shumpert about the secret bank account, which was used to hide monies, as a result, Nicole Anderson was terminated.

28. The secret bank account was taken off the books, according to Nicole Anderson.

29. Removing the account from the books, violated HRSA's Federally Qualified Health Centers Guidelines, hereinafter, "FQHS", which requires keeping records of all accounts. The secret bank account was not in Healthpoint's yearly audits.

30. Terry Williams informed Shumpert that Healthpoint manipulated patient data, in order to steal money from the government.

31. In and around September of 2017, Shumpert questioned a $800,000 grant , because it was not placed out for bid. She was told by Yohalem to mind her own business.

32. Becky Glaze, Quality Assurance Manager, informed Shumpert that Joe Abraham, the previous IT Director, at Healthpoint, manipulated the data, provided to the government, to show that Healthpoint was providing care to 1000 patients, when in reality it was only

PLAINTIFF'S COMPLAINT- 6                The Law Office of Oscar E. Desper, II
                                         1421 Fifth Avenue, Suite 2200
                                         Seattle, WA 98101
                                         Telephone: 206.521.5977

providing care to 100 patients, for purposes of that grant. This allowed Healthpoint to be reimbursed, by the government, for substantially more money than they were entitled to receive.

## THE ACTIONABLE CONDUCT OF THE DEFENDANTS

33. For a period of several years prior to 2016, Defendant acted knowingly, or in reckless disregard, or in deliberate ignorance of the truth, in presenting, or causing to be presented to the United States, false claims, for payment of "HRS grant payments, for payment or approval, in violation of 31 U.S.C. 3729, et seq., the False Claims Act.

34. When Ms. Shumpert's' investigation exposed Healthpoint's fraudulent conduct and procedures and she refused to capitulate, Healthpoint, with explicit notice of Shumpert's investigative efforts, retaliated against her, by systematically excluding her from performing her job duties, isolating her, threatening her, retaliating against her and eventually wrongfully terminating her employment.

## CAUSES OF ACTION: COUNT I RETALIATION

35. Plaintiff alleges and incorporates by reference paragraphs 1 through 34, above, as though set forth fully herein.

36. Through investigation and fact gathering, Shumpert formed a good faith belief that Healthpoint may have been committing "HRS" grant fraud and she reported this information to her supervisors and to the CEO, Thomas Trompeter.  Shumpert's' belief was a belief that an employee in the same or similar circumstance would have held. In retaliation for her

investigative conduct and for refusing to alter the "UDS" reports, the Defendant systematically harassed Shumpert. This was a major contributing factor to Shumpert's decline in her health and a contributing factor in her stroke.  Shortly after Shumpert's wrongful termination, she was replaced by the person who previously held her position. This allowed for up charging claims, for "HRS" reimbursement, in such a way that it would defraud the United States.

37. By this conduct, the Defendant retaliated against Shumpert and wrongfully terminated her, in violation of their own policies, Washington and Federal law, and the anti-retaliation provisions of the False Claims Act, 31 U.S.C. 3730(h).  Because of Defendant's conduct, Plaintiff has been damaged, in an amount to be proven, at the time of trial.

**COUNT II WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

38. Plaintiff alleges and incorporates by reference paragraphs 1 through 37, above, as though set forth fully herein.

39. By this conduct, the Defendant retaliated against Shumpert and wrongfully terminated her, in violation of the public policies, mandated in both Washington and Federal laws, to protect "Whistleblowers".  Because of Defendant's conduct, Plaintiff has been damaged, in amount to be proven, at the time of trial.

**COUNT III UNPAID WAGES AND WILLFULLY WITHHELD WAGES (RCW CHAPTERS 49.48 AND 49.52)**

40. Plaintiff incorporates all prior allegations made in this Complaint. By wrongfully terminating Shumpert, Defendant willfully and with intent withheld wages from Plaintiff, which it was obligated to pay.  Defendant violated Washington's wage and hour laws, RCW

Chapters 49.48 and 49.52.  Pursuant to 49.52.70, Defendant owes Plaintiff double damages and Defendant is responsible for attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered in favor of the Plaintiff and against the Defendant as follows:

41.     Plaintiff demands damages in an amount to be proven at the time of trial, including reinstatement, with the same seniority status that Shumpert would have had, but for the retaliation (or front pay in the alternative), two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained, as a result of the retaliation, including litigation costs and reasonable attorneys' fees, plus pre-judgment interest, at the highest rate, allowed by law. Further, the Plaintiff demands such other and further relief, as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

42.     Pursuant to Rule 38, of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury, in this action, of all issues so triable.

RESPECTFULLY SUBMITTED this 20th day of November 2018.

        **The Law Office of Oscar E Desper, III**
        **By/s/Oscar E. Desper, III**
        **Oscar E. Desper, III, WSBA #18012**
        City Centre
        1421 Fifth Avenue, Suite #2200
        Seattle, WA 98101
        Telephone: 206 521-5977
        Facsimile:  206 224-2880

PLAINTIFF'S COMPLAINT- 9         The Law Office of Oscar E. Desper, II
        1421 Fifth Avenue, Suite 2200
        Seattle, WA 98101
        Telephone: 206.521.5977

E-mail: odesper@gmail.com
Website:oscardesperlaw.com
Attorneys for Plaintiff Sharon Shumpert


**Fulton Law PLLC**
**Robert Fulton, WSBA#29277**
22722 29th Drive, Suite #100
Telephone: 425 780-4456
Facsimile:   206 629-2184
E-mail: Robert@fultonlawpllc.com
Attorneys for Sharon Shumpert

PLAINTIFF'S COMPLAINT- 10                    The Law Office of Oscar E. Desper, II
                                              1421 Fifth Avenue, Suite 2200
                                                   Seattle, WA 98101
                                                Telephone: 206.521.5977